1999 ND 156

**Angela HENDERSON, Plaintiff and Appellant,**

v.

**Mark HENDERSON, Defendant and Appellee.**

**No. 990023.**

Supreme Court of North Dakota.

July 29, 1999.

Tina M. Heinrich, Assistant State's Attorney, Minot, for plaintiff and appellant.

Michael S. McIntee, McIntee Law Firm, Towner, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Angela Henderson, through the Minot Regional Child Support Enforcement Unit, appealed from a judgment dismissing a Georgia court's request for registration of child support orders against Mark Henderson. We hold the trial court did not err in deciding Mark Henderson's child support obligation terminated in June 1990, and his arrearages that accrued before June 1990 had been paid. We affirm.

I

[¶ 2] Mark and Angela Henderson were married, and in July 1977, they had a child. Mark Henderson was in the military and was stationed at different locations at times relevant to this proceeding. The couple had separated by July 1978, when a court in Orange County, California, issued an order requiring Mark Henderson to pay $100 per month for child support. In March 1981, Angela Henderson and the child were living in Georgia, and the couple was divorced under a Georgia decree that granted Angela Henderson custody of the child, but did not mention child support. In July 1987, a Yuba County, California, court modified Mark Henderson's child support obligation to $115 per month, but deferred deciding his arrearages until a later date. In October 1988, the Yuba County court decided Mark Henderson had $2,700 in support arrearages from January 1, 1984, to January 31, 1987. In June 1990, the child began living with Mark Henderson. In April 1991, under a written stipulation between the parties, the Georgia court formally awarded Mark Henderson custody of the child and termi- nated his child support obligation effective June 12, 1990. In July 1995, the child reached majority.

[¶ 3] In 1997, Angela Henderson, who was still living in Georgia, applied through the Georgia courts for registration of the California child support orders in North Dakota, under the Uniform Interstate Family Support Act (UIFSA), N.D.C.C. ch. 14–12.2. Georgia's request for registration included Angela Henderson's affidavit, alleging Mark Henderson had child support arrearages of $13,729 from January 1980 through July 1995. After an evidentiary hearing, the North Dakota court dismissed the request for registration, concluding the 1991 Georgia order terminated Mark Henderson's child support obligation effective June 12, 1990, and he had paid all arrearages that had accrued before June 1990. Angela Henderson appealed.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 14–12.2–02 and 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 5] Angela Henderson argues language in the judgment stating "the registration of the order of the Georgia court is not confirmed and the case is dismissed" is incorrect, because she sought to register the California orders, not the Georgia orders. She argues she was not given an opportunity to comment on the proposed order for judgment, which tracked the objectionable language in the judgment. The court's order for judgment followed its memorandum decision, and the judgment effectively dismissed Georgia's request for registration after considering all the outstanding support orders against Mark Henderson, not just the Georgia orders. Angela Henderson was not deprived of an opportunity to comment or present evidence about any of the outstanding support orders, and she has cited no law that

precluded the trial court from considering the effect of all the outstanding orders affecting Mark Henderson's support obligation.

### III

[¶ 6] Angela Henderson argues Mark Henderson did not prove he had paid all accrued child support arrearages and the California "[o]rders should be registered for the arrearage of at least $5,034.00 through June 1990 and possibly more arrearages, $11,739.00, through the child's emancipation in July 1995." Her argument is structured around the defenses to registration in N.D.C.C. § 14–12.2–41(1), which provides in part:

1. A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:

   . . . .

   c. The order has been vacated, suspended, or modified by a later order;

   . . . .

   f. Full or partial payment has been made. . . .

### A

[¶ 7] Angela Henderson argues the California orders were not vacated or modified by a later order, and Mark Henderson therefore failed to prove a defense to registration of the California or-

ders under N.D.C.C. § 14–12.2–41(1)(c). Relying on *Coogan v. Fennell*, 379 N.W.2d 791 (N.D.1985), she argues the Georgia order terminating Mark Henderson's support obligation did not modify the California orders because the Georgia order did not specifically say it was modifying or amending another order.

[¶ 8] In *Coogan* this Court considered the effect of two child support orders issued by different courts in a proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA) to enforce the first order.[1] This Court recognized URESA authorized a responding court, under appropriate circumstances, to enter an order for child support in an amount different from that provided in an initial divorce decree. *Coogan*, 379 N.W.2d at 795. A majority of this Court construed the "unless otherwise specifically provided by the court" language of N.D.C.C. § 14–12.1–31[2] to mean a modification of a child support order by a responding court did not modify a prior support order unless specifically stated by the responding court. *Coogan*, at 796. Under *Coogan* and N.D.C.C. § 14–12.1–31, amounts paid under one order are credited against amounts accruing for the same period under any other orders.

[¶ 9] This case is distinguishable from *Coogan*, however, because here there was a change of custody and a termination of Mark Henderson's child support obligation by an order entered under a written stipu-

1. In 1995, the legislature enacted UIFSA to replace URESA. *See* 1995 N.D. Sess. Laws ch. 157, §§ 3 and 4. *See also* 1997 N.D. Sess. Laws ch. 152 (enacting 1996 changes to UIFSA). Under UIFSA, the possibility of multiple child support orders has been replaced by the concept of a single controlling order under the court's continuing exclusive jurisdiction. *See* N.D.C.C. §§ 14–12.2–07 through 14–12.2–10. *See also* 9B U.L.A. (Supplementary Pamphlet), Uniform Interstate Family Support Act (1996), Prefatory Note p. 353.

2. Section 14–12.1–31, N.D.C.C., provided: APPLICATION OF PAYMENTS. A support order made by a court of this state pursuant to this chapter does not nullify and is not

nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance or variation in amounts ordered to be paid, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state or by a court of this state pursuant to any other law shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state under this chapter.

lation of the parties. Under these circumstances, we conclude the rationale of *Coogan* is not applicable to the Georgia court order terminating Mark Henderson's child support obligation. We hold the 1991 Georgia order terminated Mark Henderson's child support obligation effective June 12, 1990, and the trial court did not err in refusing to register the California child support orders for support after June 1990.

### B

[¶ 10] Under N.D.C.C. § 14–12.2–41(1)(f), Angela Henderson argues the trial court erred in finding Mark Henderson had paid all arrearages accruing before June 1990.

■ [¶ 11] In support of the registration request, Angela Henderson submitted an affidavit outlining Mark Henderson's child support obligation and his payments from 1980 through June 1995. She also introduced the 1978 Orange County order requiring Mark Henderson to pay $100 per month child support; the 1987 Yuba County order setting his child support obligation at $115 per month; and the 1988 Yuba County order setting his arrearages at $2,700 for the period from January 1, 1984, through January 31, 1987, allowing him credit for any tax intercepts during that time, and ordering him to pay $40 per month on his arrearages.[3] Mark Henderson introduced evidence he had paid $40 per month on his arrearages in 1989 and 1990; he had been subject to tax intercepts of $306 in June 1986, $694 in April 1985, and $315 in February 1989; and he had paid Angela Henderson $1,000 in ten checks for $100 apiece, denominated as "child support," between May 1994 and February 1995. His evidence showed he

had paid $375 more than the $2,700 arrearages determined by the 1988 Yuba County order.

[¶ 12] The trial court recognized the Yuba County court decided Mark Henderson had child support arrearages of $2,700 in 1988. The trial court found Mark Henderson's evidence more persuasive than Angela Henderson's affidavit, and he had proven he paid all child support arrearages accruing before June 1990. We decline the invitation to retry this case or substitute our judgment for the trial court's decision. *See Hogue v. Hogue*, 1998 ND 26, ¶ 9, 574 N.W.2d 579. We are not left with a definite and firm conviction the trial court made a mistake in deciding Mark Henderson had paid all arrearages accruing before 1990. We conclude the trial court's decision about arrearages before 1990 is not clearly erroneous.

### IV

[¶ 13] We affirm the judgment dismissing the request for registration of child support orders against Mark Henderson.

[¶ 14] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.

---

3. This record also includes an August 31, 1988, letter from a Yuba County deputy district attorney to an official with the child support recovery unit in Marietta, Georgia, which indicates "[t]here were some problems in obtaining an order for arrears prior to this time period," and inviting the Georgia support officials or Angela Henderson to file another URESA petition for arrearages accruing before January 1984, with evidence showing whether the couple had reconciled in 1978 or 1979 and whether there was compliance with the Soldiers and Sailors Relief Act for the 1981 order. This record does not indicate any response by the Georgia officials or Angela Henderson.